UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JACQUELINE KING,

        Plaintiff,

   v.

THE PERMANENTE MEDICAL GROUP, INC., and Does 1 through 50, inclusive,

        Defendant.

CIV. NO. 2:13-01560 WBS AC

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

----oo0oo----

      Plaintiff Jacqueline King brought this action against defendant Permanente Medical Group and fifty unnamed Permanente Medical Group employees sued as Doe defendants arising out of the termination of her employment by defendant for alleged attendance issues.  Defendant now moves to dismiss each of her claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and to dismiss her claims brought under California Government Code Sections 12940(m) and 12940(n) for failure to exhaust her administrative remedies.

1

1    Plaintiff has filed no opposition to the motion.  The

2    Clerk left a phone message on the answering machine of

3    plaintiff's attorney, inquiring whether he intends to file any

4    response to the motion, but has received no return call or other

5    reply from or on behalf of plaintiff's attorney.  Despite the

6    best efforts of the court and defendant's attorneys to notify

7    plaintiff's attorney of the pendency of this motion and to invite

8    his response, plaintiff's attorney has not given the court or

9    counsel the courtesy of a response.  Accordingly, pursuant to the

10   provisions of Local Rule 230(c), the motion is taken under

11   submission without oral argument.

12   I.   <u>Factual & Procedural History</u>

13       Plaintiff alleges that she began work as a "tele[-]

14   service representative" for defendant in January 2003. (Compl. ¶

15   7 (Docket No. 1).)  Plaintiff allegedly became ill with what she

16   believed to be the flu on December 30, 2011, was diagnosed with

17   severe dehydration on January 5, 2012, and gave her supervisor a

18   doctor's note stating that she was ill and unable to work from

19   December 30, 2011 until January 6, 2012.  (Compl. ¶ 8.)  On

20   January 19, 2012, plaintiff allegedly left work about three hours

21   early to see a doctor and provided a note to her supervisor

22   documenting this visit. (<u>Id.</u> ¶ 9.)  Plaintiff allegedly became

23   ill again on March 2, 2012, and was advised by her doctor not to

24   return to work until March 5, 2012.  (<u>Id.</u> ¶ 10.)  On March 9,

25   2012, defendant allegedly terminated plaintiff for "alleged

26   attendance issues."  (<u>Id.</u> ¶ 11.)

27       On January 7, 2013, plaintiff filed a complaint with

28   the California Department of Fair Employment and Housing ("DFEH")

1  in which she alleged that she experienced discrimination on or

2  before March 9, 2012, because of a medical condition. (Def.'s

3  Req. for Judicial Notice, Ex. A ("DFEH Compl.") at 6 (Docket No.

4  5-3).) Plaintiff alleged that she was warned by her supervisor

5  on "January 27, 2011" that she had excessive absences.[1] (Id.)

6  Plaintiff alleged that defendant conducted an "investigation to

7  see what they were going to do with [her]" lasting more than two

8  months. (Id.) Plaintiff then alleged that she "kept asking

9  [and] asking then finally on March 9 2012 my supervisor . . .

10 tells [her] that they decided to terminate [her]." (Id.)

11          In her DFEH complaint, plaintiff further alleged that

12 she filed a union grievance "to get [her] job back to full status

13 with no time lost," and that she and her union representative

14 were not able to meet with defendant until July 25, 2012. (Id.)

15 Although defendant allegedly told plaintiff at that meeting that

16 "a decision would be made by August 31, 2012," and then allegedly

17 revised that date to December 3, 2012, plaintiff alleged that

18 defendant did not contact her or her union representative

19 following the meeting. (Id.) After plaintiff filed her

20 complaint with DFEH, DFEH issued plaintiff a right-to-sue notice

21 on January 21, 2013, authorizing her to bring a claim against

22 defendant under the California Fair Employment and Housing Act

23 ──────────

24 [1]    Plaintiff's exact allegation is that "per [her] conversation
   with [her] Supervisor on January 27, 2011, [her supervisor] came

25 to [plaintiff] and told [her] that . . . [plaintiff] [has] [too]
   many occurrences for excessive absenteeism . . . ." (DFEH Compl.

26 at 6.) The chronology of plaintiff's complaint to DFEH is not
   entirely clear, but it appears that plaintiff alleges that she

27 was warned of excessive absenteeism after having taken sick leave
   from December 30, 2011, to January 6, 2012, but before she was

28 terminated on March 9, 2012.

1  ("FEHA").  (Compl. ¶ 5; Compl. Ex. A at 11.)

2          Plaintiff brought this action in Sacramento County

3  Superior Court on May 30, 2013.  (See Compl. at 1.)  Plaintiff

4  alleges that defendant (1) wrongfully denied her medical leave in

5  violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C.

6  § 2612, and the California Family Rights Act ("CFRA"), Cal. Gov't

7  Code § 12945, (2) wrongfully terminated her in violation of

8  public policy, and violated FEHA by (3) discriminating against

9  her on the basis of her disability in violation of Cal. Gov't

10  Code § 12940(a), (4) failing to accommodate her disability in

11  violation of Cal. Gov't Code § 12940(m), and (5) failing to

12  engage in the interactive process in violation of Cal. Gov't Code

13  § 12940(n).  On July 30, 2013, defendant removed the case to this

14  court under its federal question jurisdiction pursuant to 28

15  U.S.C. § 1441(a).  (See Docket No. 1.)  Defendant now moves to

16  dismiss all claims for failure to state a claim on which relief

17  may be granted under Rule 12(b)(6), and to dismiss plaintiff's

18  fourth and fifth claims for failure to exhaust administrative

19  remedies.  Plaintiff does not oppose the motion.

20  II.  Request for Judicial Notice

21          In general, a court may not consider items outside the

22  pleadings when deciding a motion to dismiss, but it may consider

23  items of which it can take judicial notice.  Barron v. Reich, 13

24  F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial

25  notice of facts "not subject to reasonable dispute" because they

26  are either "(1) generally known within the territorial

27  jurisdiction of the trial court or (2) capable of accurate and

28  ready determination by resort to sources whose accuracy cannot

4

1  reasonably be questioned."  Fed. R. Evid. 201.  Judicial notice

2  may properly be taken of matters of public record outside the

3  pleadings.  See MGIC Indem. Corp v. Weisman, 803 F.2d 500, 504

4  (9th Cir. 1986).

5          Defendant requests that the court take judicial notice

6  of the Complaint of Discrimination filed by plaintiff with DFEH.[2]

7  Because this complaint is a public record of an administrative

8  agency, the court will judicially notice it.  See Anderson v.

9  Holder, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012).  Although the

10  court will not take judicial notice of any disputed facts

11  contained in her administrative complaint for their truth, see

12  Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001), it

13  will take notice of plaintiff's allegations contained therein

14  "for the limited purpose of showing [whether] [p]laintiff . . .

15  exhaust[ed] her administrative remedies."  Hellmann-Blumberg v.

16  Univ. of Pac., No. 2:12-cv-00286-GEB-DAD, 2013 WL 1326469, at *1

17  (E.D. Cal. Mar. 29, 2013).

18  III. Legal Standard

19          To survive a motion to dismiss for failure to state a

20  claim, a plaintiff must plead "only enough facts to state a claim

21  to relief that is plausible on its face."  Bell Atl. Corp. v.

22  Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard,"

23  however, "asks for more than a sheer possibility that a defendant

24  has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, 678

---

[2]     Defendant also requests that the court take judicial notice
of the Complaint for Damages filed by plaintiff in Sacramento
County Superior Court.  (Def.'s Req. for Judicial Notice at 1.)
Because the case was removed to this court, the complaint filed
by plaintiff in state court is the operative complaint and we
need not take notice of it.

1  (2009).  "Where a complaint pleads facts that are 'merely

2  consistent with' a defendant's liability, it 'stops short of the

3  line between possibility and plausibility of entitlement to

4  relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

5          In deciding whether a plaintiff has stated a claim, the

6  court must accept the allegations in the complaint as true and

7  draw all reasonable inferences in favor of the plaintiff.

8  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

9  grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto,

10 405 U.S. 319, 322 (1972).  However, "the court is not required to

11 accept legal conclusions cast in the form of factual allegations

12 if those allegations cannot reasonably be drawn from the facts

13 alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55

14 (9th Cir. 1994); see also Iqbal, 556 U.S. at 678 ("'[L]abels and

15 conclusions' or 'a formulaic recitation of the elements of a

16 cause of action will not do.'") (quoting Twombly, 550 U.S. at

17 555).

18 IV.  Discussion

19      A.   Exhaustion of Administrative Remedies

20          FEHA provides that any person claiming to be aggrieved

21 by an alleged unlawful employment practice may file a complaint

22 with DFEH identifying the name and address of the party alleged

23 to have committed the complained-of practice and "set[ting] forth

24 the particulars thereof."  Cal. Gov't Code § 12960(b).  In order

25 to bring a civil action "[u]nder the FEHA, the employee must

26 exhaust the administrative remedy provided by the statute by

27 filing a complaint with [DFEH] and must obtain from the

28 Department a notice of right to sue . . . ."  Romano v. Rockwell

1  _Int'l, Inc._, 14 Cal. 4th 479, 492 (1996) (citations omitted);

2  _Rodriguez v. Airborne Express_, 265 F.3d 890, 896 (9th Cir. 2001).

3       Defendant does not dispute that plaintiff timely filed

4  a complaint with DFEH and obtained a right-to-sue letter. (_See_

5  Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem. in

6  Supp.") at 8 (Docket No. 5-1).)  Rather, defendant contends that

7  plaintiff's administrative complaint failed to specify a claim

8  for failure to accommodate plaintiff's disability or for failure

9  to engage in the interactive process.  (_See_ _id._) "To exhaust [a

10  plaintiff's] administrative remedies as to a particular act made

11  unlawful by [FEHA], the claimant must specify that act in the

12  administrative complaint, even if the complaint does specify

13  other cognizable wrongful acts." _Martin v. Lockheed Missiles &_

14  _Space Co._, 29 Cal. App. 4th 1718, 1724 (6th Dist. 1994).

15  "Allegations in the civil complaint that fall outside the scope

16  of the administrative charge are barred for failure to exhaust."

17  _Rodriguez_, 265 F.3d at 897.

18       However, "claims not originally brought in verified

19  complaints may nonetheless be brought in subsequently when they

20  are 'like or reasonably related to' the initial allegations."

21  _Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc._,

22  896 F. Supp. 2d 849, 862 (N.D. Cal. 2012) (quoting _Rodriguez_, 265

23  F.3d at 897).  "This standard is met where the allegations in the

24  civil suit are within the scope of the administrative

25  investigation 'which can reasonably be expected to grow out of

26  the charge of discrimination.'" _Rodriguez_, 265 F.3d 897 (quoting

27  _Sandhu v. Lockheed Missiles & Space Co._, 26 Cal. App. 4th 846,

28  859 (6th Dist. 1994)).  In assessing whether a plaintiff has

1   raised her claim before DFEH, courts "construe the language of .

2   . . charges with utmost liberality since they are made by those

3   unschooled in the technicalities of formal pleading." B.K.B. v.

4   Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002) (citations

5   omitted) (internal quotation marks omitted).

6           Plaintiff's complaint filed with DFEH is labeled as one

7   for "discrimination," and does not explicitly state that

8   defendant failed to accommodate her disability or failed to

9   engage in the interactive process.  (DFEH Compl. at 6.)

10  Plaintiff's complaint specifically alleges, however, that "[i]t

11  took the employer more than 2 months to do an investigation"

12  after she was informed that she had excessive absences and that

13  "she kept asking [and] asking" about the status of this

14  investigation before she was ultimately terminated.  (Id.)

15  Plaintiff's complaint also alleges that defendant did not meet

16  with plaintiff and her union representative until July 25, 2012,

17  and that defendant took no further action to address her

18  grievance even though plaintiff was "told a decision would be

19  made on August 31, 2012 . . . ."  (Id.)

20          Although plaintiff's complaint did not explicitly

21  allege that defendant failed to accommodate her disability or

22  engage in the interactive process, it is "the factual allegations

23  of the original complaint, rather than the legal theory, [that]

24  establish the proper boundaries of the charge." Rodriguez, 265

25  F.3d at 899.  For instance, several courts have held that a

26  complaint to DFEH alleging racial discrimination would not

27  encompass later claims based on different factual grounds that

28  were not raised before DFEH.  See, e.g., id. at 898 ("reject[ing]

8

Rodriguez's contention that his original charge . . . that he was

discriminated against because he was Mexican-American[] should be

construed to include a claim of disability discrimination[]"); Okoli v. Lockheed Technical Operations Co., 36 Cal. App. 4th

1607, 1613 (6th Dist. 1995) (holding that Okoli's retaliation

claim was barred because it was "neither like nor reasonably

related to his DFEH claim" alleging race and national origin

discrimination.)

By contrast, a plaintiff who raises different claims

based on the same factual allegations contained in her complaint

to DFEH has not failed to exhaust her administrative remedies

with respect to those claims. Department of Fair Employment &

Housing v. Law School Admission Council, 896 F. Supp. 2d 849

(N.D. Cal. 2012), is instructive. There, DFEH had received

numerous complaints alleging that the Law School Admission

Council had violated FEHA and the Unruh Act by failing to provide

disabled test-takers with reasonable accommodations and

"flagging" the score reports of those who requested

accommodations. Id. at 853-54. Based on those complaints, DFEH

filed a civil complaint alleging several violations of the

Americans with Disabilities Act. Id. Although LSAC argued that

these claims had not been exhausted because they were not

initially raised to DFEH, the court disagreed, and held that "all

five claims advanced by DFEH involve the same kind of improper

conduct – the denial of reasonable accommodations on a

standardized test on account of disability." Id. at 864.

Like DFEH's claims in Law School Admission Council,

plaintiff's claims that defendant failed to accommodate her

9

disability and failed to engage in the interactive process "have not markedly shifted from one type of discriminatory behavior . . . to another . . . ." Id. Plaintiff's DFEH complaint, construed liberally, see Maui Police Dept., 276 F.3d at 1100, includes factual allegations that defendant initiated an "investigation" of her absenteeism, failed to respond to her inquiries about the status of this investigation, terminated her, and refused to address her union grievance or negotiate with her union representative in good faith. (See DFEH Compl. at 6.)

In addition, an investigation of plaintiff's claim that she was terminated because of her disability necessarily implicates the question of whether defendant had engaged in an interactive process to find a reasonable accommodation for her disability prior to terminating her. Cf. E.E.O.C. v. Farmer Bros., 31 F.3d 891, 899 (9th Cir. 1994) (noting that failure to raise a discriminatory layoff claim before the EEOC would not bar plaintiff's claim because her charge alleging discriminatory failure to rehire made it "necessary for the EEOC to investigate the circumstances of [plaintiff's] layoff").

Plaintiff's claims that defendant failed to accommodate her disability and engage in the interactive process are therefore "like or reasonably related to" the allegations in her DFEH complaint that defendant discriminated against her because of her disability. See Rodriguez, 265 F.3d at 898. Accordingly, plaintiff has exhausted her administrative remedies with respect to each of her claims brought pursuant to FEHA.

B.    <u>Unlawful Denial of Medical Leave Under FMLA and CFRA</u>

Both the FMLA and CFRA provide, in pertinent part, that an eligible employee is entitled to a total of twelve workweeks of leave during any twelve-month period because of a "serious health condition" that makes the employee unable to perform the functions of his or her job.  29 U.S.C. § 2612(a)(1)(D); Cal. Gov't Code § 12945.2(c)(3)(C).  The Ninth Circuit has clarified that the FMLA protects not only an employee's "right to use a certain amount of leave for protected reasons," but also the "right to return to his or her job or an equivalent job after using protected leave."  <u>Bachelder v. Am. W. Airlines, Inc.</u>, 259 F.3d 1112, 1122 (9th Cir. 2001).

Both statutes provide that a "serious health condition" requires either an "illness" involving "inpatient care in a hospital, hospice, or residential medical facility" or "continuing treatment by a health care provider."  29 U.S.C. § 2611; 2 C.C.R. § 7297.0(o).  "Continuing treatment" entails a period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition that also involves either (a) treatment two or more times by a health care provider within thirty days of the first day of incapacity or (b) treatment by a health care provider on at least one occasion resulting in a regimen of continuing treatment under that provider's supervision.  29 C.F.R. § 825.115; 2 C.C.R. § 7297.0(o) (adopting the definition of continuing treatment "as detailed in FMLA and its implementing regulations").

Plaintiff's allegations that she was terminated because

11

1   she took sick leave to recuperate from the flu and severe

2   dehydration, (Compl. ¶¶ 9, 14), fail to establish a claim under

3   either the FMLA or CFRA.[3]   Plaintiff does not allege at any point

4   in the Complaint that she was under inpatient care.   Nor does

5   plaintiff allege sufficient facts to make out a claim that she

6   was under "continuing treatment."   Plaintiff alleges that she was

7   unable to return to work from December 30, 2011 to January 6,

8   2012 and that she was diagnosed with severe dehydration on

9   January 5, 2012.  (Id. ¶ 8.)  Plaintiff does not allege that she

10   was placed on a regimen of continuing treatment by her doctor on

11   January 5, 2012, or that she received two treatments by a health

12   care provider during the period between December 30, 2011, and

13   January 6, 2012, in which she was allegedly unable to work.  (See

14   _____

15   [3]    Defendant asserts "the flu does not qualify as a serious
     health condition" under either FMLA or CFRA.  (Def.'s Mem. in

16   Supp. at 2:20-21.)  The regulation implementing the FMLA, which
     has in turn been adopted by the CFRA, see 2 C.C.R. § 7297.0(o),

17   states that "[o]rdinarily, unless complications arise, the common
     cold, the flu, ear aches, upset stomach, minor ulcers, headaches

18   other than migraine, routine dental or orthodontia problems,
     periodontal disease, etc., are examples of conditions that do not

19   meet the definition of a serious health condition and do not
     qualify for FMLA leave."  29 C.F.R. § 825.113(d) (emphasis

20   added).  At least one court in California has held that this
     regulation "expressly excludes" the flu from coverage under the

21   FMLA or CFRA.  Gibbs v. Am. Airlines, Inc., 74 Cal. App. 4th 1,
     8-9 (1st Dist. 1999).

22
     However, several courts have rejected this categorical

23   reading, and have held that the flu can qualify as a serious
     health condition if the plaintiff otherwise satisfies the

24   relevant statutory and regulatory criteria for a serious health
     condition.  See, e.g., Miller v. AT&T Corp., 250 F.3d 820, 832

25   (4th Cir. 2001).  Which way a particular panel decides this
     question may depend upon whether any of the judges on that panel

26   have had the flu.  This court need not decide whether the flu
     qualifies as a serious health condition because plaintiff

27   ultimately fails to allege facts that satisfy the requirements
     for "continuing treatment" set forth by 29 C.F.R. § 825.115.

28

1  <u>id.</u>)

2          Plaintiff alleges that she left work about three hours

3  early on January 19, 2012, twenty days after she was initially

4  incapacitated, to see a doctor.  (Compl. ¶ 9.)  Although this

5  visit occurred within thirty days of when plaintiff was allegedly

6  first incapacitated, plaintiff's allegations still do not satisfy

7  the requirements of continuing treatment because she does not

8  allege that her doctor's visit on January 19 was related to her

9  earlier bout of the flu and dehydration. (<u>See</u> <u>id.</u>)

10          Moreover, even if plaintiff's visit to the doctor on

11  January 19 were related to her earlier illness, it would not

12  satisfy the requirements of continuing treatment because it did

13  not take place within the period in which she was incapacitated.

14  Although the Ninth Circuit has not addressed this question,

15  numerous courts have agreed that the second treatment must occur

16  within the same period of incapacity as the first treatment in

17  order to satisfy the requirements of "continuing treatment."

18  <u>See, e.g.</u>, <u>Branham v. Gannett Satellite Info. Network</u>, 619 F.3d

19  563, 571 (6th Cir. 2010) ("[T]he second treatment must occur

20  during the same period of incapacity as the first[.]"); <u>Jones v.</u>

21  <u>Denver Pub. Sch.</u>, 427 F.3d 1315, 1321 (10th Cir. 2005) ("[T]o

22  qualify for FMLA protection, the health condition must . . .

23  entail[] an absence of more than three consecutive calendar days

24  <u>during which</u> the employee obtained treatment by a health care

25  provider at least two times . . . ." (emphasis added)); <u>Thorson</u>

26  <u>v. Gemini, Inc.</u>, 205 F.3d 370, 377 (8th Cir. 2001) (noting that a

27  "serious health condition" requires both a period of incapacity

28  exceeding three calendar days and "`continuing treatment' . . .

1  within that period" (emphasis added)).

2         Therefore, even if plaintiff's allegations were

3  sufficient to establish that her visit to her doctor on January

4  19, 2012 was related to her earlier illness, this would not

5  establish that plaintiff suffered from an illness requiring

6  continuing treatment.  See, e.g., Jones, 427 F.3d at 1322 (noting

7  that "one treatment, with a follow-up check-up weeks after the

8  employee has returned to work" is insufficient to make out a

9  claim under the FMLA); Doughtie v. Ashland, Inc., No. 03-2073

10 ML/AN, 2005 WL 1239286, at *4 (W.D. Tenn. May 24, 2005) (holding

11 that plaintiff who was incapacitated due to surgery for more than

12 three days did not suffer from a "serious health condition"

13 because his first follow-up appointment did not occur until

14 eleven days after he had returned to work).

15        Finally, plaintiff alleges that she was terminated

16 because she took sick leave from March 2, 2012 to March 5, 2012.

17 (Compl. ¶ 10.)  This allegation is also insufficient to make out

18 a claim that plaintiff suffered from a serious health condition

19 under the FMLA or CFRA.  Plaintiff does not allege that she

20 received inpatient care during this period.  (See id.)  Nor does

21 plaintiff allege any facts that indicate that she sought

22 treatment from a health care provider two or more times during

23 this period or that any visit with a health care provider

24 resulted in a regimen of continuing treatment under the

25 supervision of that health care provider. (See id.)  Accordingly,

26 the court must grant defendant's motion to dismiss plaintiff's

27 claim that she was unlawfully denied medical leave.

28        C.   Wrongful Termination

14

California law recognizes a cause of action for an employee who is wrongfully terminated in violation of public policy. Tameny v. Atl. Richfield Co., 27 Cal. 3d 167, 170 (1980). Although the precise contours of this rule are not well-defined, courts have held that wrongful termination in violation of either the FMLA or CFRA contravenes public policy. See, e.g., Xin Liu v. Amway Corp., 347 F.3d 1125, 1138 (9th Cir. 2003) ("[V]iolation of the FMLA must . . . constitute a violation of public policy."); Nelson v. United Techs., 74 Cal. App. 4th 597, 607 (6th Dist. 1999) ("[A] claim for tortious wrongful discharge based upon the CFRA . . . may be stated under California law.").

Here, plaintiff's wrongful termination claim is premised on a violation of the FMLA and/or CFRA. Because plaintiff has failed to state a claim that defendant violated either the FMLA or CFRA, plaintiff's wrongful termination claim also fails. Accordingly, the court must grant defendant's motion to dismiss plaintiff's wrongful termination claim.

D.   Disability Discrimination Under FEHA

FEHA makes it an unlawful employment practice to discharge a person from employment or discriminate against a person because of a physical or mental disability or medical condition. Cal. Gov't Code § 12940(a). In order to state a claim of disability discrimination, a plaintiff must allege that he or she (1) suffers from a disability, (2) could perform the essential duties of the job with or without reasonable accommodations, and (3) was subjected to an adverse employment action because of his or her disability. McCarthy v. R.J. Reynolds Tobacco Co., 819 F. Supp. 2d 923, 934 (E.D. Cal. 2011)

(Shubb, J.); <u>Faust v. Cal. Portland Cement Co.</u>, 150 Cal. App. 4th 864, 886 (2d Dist. 2007).

A FEHA claim requires that "the employer had knowledge of the employee's disability when the adverse employment decision was made." <u>Foster v. City of Oakland</u>, 649 F. Supp. 2d 1008, 1018 (N.D. Cal. 2009) (citing <u>Brundage v. Hahn</u>, 57 Cal. App. 4th 228, 236-37 (2d Dist. 1997)); <u>accord</u> <u>Raytheon Co. v. Hernandez</u>, 540 U.S. 44, 54 n.7 (2003) ("If [defendant] were truly unaware that such a disability existed, it would be impossible for her hiring decision to be based, even in part, on [plaintiff's] disability . . . [Plaintiff] cannot, <u>ipso facto</u>, be subject to disparate treatment."). An employee's "vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the FEHA." <u>Brundage</u>, 57 Cal. App. 4th at 237. And "[w]hile knowledge of the disability can be inferred from the circumstances, knowledge will only be imputed to the employer when the fact of disability is the only reasonable interpretation of the known facts." <u>Id.</u>

Plaintiff has not sufficiently alleged that defendant was aware of her disability. Plaintiff alleges that she took sick leave on three occasions in January and March. (Compl. ¶¶ 8-10.) These allegations establish that defendant was aware that plaintiff took sick leave for an illness, but are insufficient to impute knowledge of her alleged disability to defendant. <u>See</u> <u>Dirks v. Permanente Med. Grp.</u>, No. 2:09-CV-03399-JAM-EFB, 2010 WL 1779932, at *4 (E.D. Cal. Apr. 29, 2010) ("Although Plaintiff's allegations demonstrate that Defendant knew about plaintiff's health problems, these allegations are not sufficient to state a

16

claim that Defendant knew about Plaintiff's <u>disability</u>."
(emphasis added)).

Nor does it follow that defendant knew of plaintiff's
alleged disability because she submitted notes from her doctor
stating that she was unable to work.  (<u>See</u> Compl. ¶¶ 8, 9.)  Even
taking this allegation as true, plaintiff has alleged no facts
suggesting that these notes "contain[ed] sufficient information
to put [defendant] on notice that plaintiff suffered from a
disability."  <u>Avila v. Continental Airlines, Inc.</u>, 165 Cal. App.
4th 1237, 1249 (2d Dist. 2008).  Other than noting that her
doctor stated she was unable to work between December 30, 2011
and January 6, 2012, plaintiff makes no other allegations about
the contents of these notes.  (<u>See</u> Compl. ¶¶ 8, 9.)

Moreover, plaintiff did not allege any facts about her
return to work that suggest defendant's "awareness of h[er]
condition."  <u>Vermillion v. Corrections Corp. of Am.</u>, No. CV F 08-
1069 LJO SMS, 2008 WL 4755329, at *6 (E.D. Cal. Oct. 29, 2008)
(finding that plaintiff's alleged "requests to sit and need to
file a worker's compensation claim" were sufficient to make out a
claim that his employer knew of his disability upon returning to
work).  Plaintiff concedes that she returned to work on January
9, 2012, and fails to identify specific work restrictions that
she requested upon returning.[4]  <u>See</u> <u>Avila</u>, 165 Cal. App. 4th at

---

[4]    In contrast to <u>Avila</u>, plaintiff does allege that she
requested an accommodation upon her return to work – the right to
"take certain days off due to her medical condition."  (Compl. ¶
34.)  But this is a distinction without a difference: although
plaintiff characterizes her request for sick leave as an
"accommodation," plaintiff has not alleged that her "medical
condition" imposed any limitations upon her, and has not stated

1249 ("From [defendant's] point of view, the fact that plaintiff
. . . returned to work days later without restrictions or
accommodations is consistent with the conclusion that plaintiff
did not suffer from a condition that qualifies as a disability.")
Plaintiff's alleged disability is far from "the only reasonable
interpretation of the known facts," and her factual allegations
are therefore insufficient to impute knowledge of her alleged
disability onto defendant.  <u>Brundage</u>, 57 Cal. App. 4th at 237.

        Leaving aside these factual allegations, plaintiff is
left with the bare allegation that "[d]efendant knew that
[p]laintiff had a physical disability."  (Compl. ¶ 25.)  But such
a "legal conclusion[] cast in the form of a factual allegation[]"
is insufficient to state a claim for relief.  <u>See Clegg v. Cult
Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994).  Absent
"at least some minimal factual basis," her allegation that
defendant knew of her alleged disability cannot serve as the
predicate to her claim that she was terminated because of her
disability.  <u>Kelley v. Corrections Corp. of Am.</u>, 750 F. Supp. 2d
1132, 1139 (E.D. Cal. 2010) (Ishii, J.) (dismissing plaintiff's
claim under FEHA because she failed to allege a factual basis for
a potential accommodation of her disability).

        In short, Plaintiff's generalized and conclusory
assertion that defendant knew of her disability is without
factual support, and plaintiff has not stated a claim that
defendant knew of her alleged disability or terminated her
because of it.  <u>See</u> Cal. Gov't Code § 12940(a).  Accordingly, the

sufficient facts to support her allegation that defendant knew
she had a disability requiring accommodation.

1    court must grant defendant's motion to dismiss plaintiff's

2    disability discrimination claim.

3         E.   Failure to Accommodate Under FEHA

4              FEHA prohibits an employer from "fail[ing] to make

5    reasonable accommodation for the <u>known</u> physical or mental

6    disability of an applicant or employee."  Cal. Gov't Code §

7    12940(m) (emphasis added).  In other words, an employer is not

8    "liable for failing to accommodate a disability of which it had

9    no knowledge."  <u>Prilliman v. United Air Lines, Inc.</u>, 53 Cal. App.

10   4th 935, 954 (2d Dist. 1997).  Under the reasonable accommodation

11   provisions of FEHA, it is not enough to show that the employer

12   was aware that "the employee had some impairment such as a

13   <u>medical or physical condition</u>;" rather, "[t]he employer must have

14   been aware that the impairment limited the employee in a major

15   life activity."  <u>Jadwin v. County of Kern</u>, 610 F. Supp. 2d 1129,

16   1178 (E.D. Cal. 2009) (Wanger, J.) (emphasis added).

17             Plaintiff alleges only that she "requested that

18   Defendant accommodate her disabilities by allowing her to take

19   certain days off due to her <u>medical condition</u>." (Compl. ¶ 34

20   (emphasis added).)  This allegation is insufficient to plead a

21   claim for failure to accommodate because plaintiff has not

22   identified any limitations that this alleged condition imposed.

23   <u>See</u> <u>Avila</u>, 165 Cal. App. 4th at 1252 ("[T]he duty of an employer

24   reasonably to accommodate an employee's handicap does not arise

25   until the employer is aware of respondent's . . . <u>physical</u>

26   <u>limitations</u>.") (emphasis added).

27             In addition to her failure to identify any limitations,

28   plaintiff's failure to accommodate claim also fails for the same

                                    19

1   reason as her disability discrimination claim: she has alleged no

2   facts to support her ultimate allegation that defendant failed to

3   accommodate a "known disability," as required by Section

4   12940(m).  See Dirks, 2010 WL 1779932 at *4.  Accordingly,

5   because plaintiff does not state a claim that defendant failed to

6   accommodate a known disability, see Cal. Gov't Code § 12940(m),

7   the court must grant defendant's motion to dismiss her claim that

8   defendant failed to accommodate her disability.

9       F.   Failure to Engage in the Interactive Process Under FEHA

10           FEHA requires "an employer . . . to engage in a timely,

11   good faith interactive process with the employee or applicant to

12   determine effective reasonable accommodations, if any, in

13   response to a request for a reasonable accommodation by an

14   employee or applicant with a known physical or mental disability

15   or known medical condition."  Cal. Gov't Code § 12940(n).  With

16   narrow exceptions not relevant here, "[t]he employee generally

17   bears the burden of initiating the informal, interactive

18   process."  Stoll v. The Hartford, No. 05-CV-1907 IEG, 2006 WL

19   3955826, at *5 (S.D. Cal. Nov 7, 2006) (citing Brown v. Lucky

20   Stores, Inc., 246 F.3d 1182, 1188 (9th Cir. 2001)).  Like

21   plaintiff's other FEHA claims, a failure to interact claim

22   requires a showing that the defendant was "aware of the need to

23   consider an accommodation."  Gelfo v. Lockheed Martin Corp., 140

24   Cal. App. 4th 34, 62 n.22 (2d Dist. 2006); Ellis v. City of

25   Reedley, No. CV F 05-1474 AWI SMS, 2007 WL 1098571, at *13 (E.D.

26   Cal. Apr. 12, 2007) ("[T]he claim requires a showing that

27   [d]efendant[] had subjective knowledge of [p]laintiff's

28   disability, or, at a minimum, constructive knowledge.").

20

1    As with her other FEHA claims, plaintiff's allegation

2  that she "requested that [d]efendant accommodate her disability

3  by allowing her to take certain days off due to her medical

4  condition," (Compl. ¶ 34), is insufficient, even taken alongside

5  her other factual allegations, to show that defendant was aware

6  that plaintiff had a disability requiring accommodation. See

7  Dirks, 2010 WL 1779932 at *4.  Because plaintiff does not

8  sufficiently allege that defendant had knowledge of her

9  disability, she has not stated a claim that defendant failed to

10  engage in an interactive process to accommodate a known

11  disability.  See Cal. Gov't Code § 12940(n).  Accordingly, the

12  court must grant defendant's motion to dismiss plaintiff's

13  failure to interact claim.

14    IT IS THEREFORE ORDERED that defendant's motion to

15  dismiss for failure to state a claim be, and the same hereby is,

16  GRANTED.

17    Plaintiff has twenty days from the date of this Order

18  to file an amended complaint, if she can do so consistent with

19  this Order.

20    Dated:  September 19, 2013

21

22  _____

23  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

24

25

26

27

28